## Case No. 12,194.

### In re SABIN.

[12 N. B. R. 142; 1 N. Y. Wkly. Dig. 101.] 1

District Court, E. D. Michigan. 1875.

BANKRUPTCY—INCOMPLETE LIEN—STATE STATUTE.

A lien, authorized by a statute, on compliance with certain provisions concerning record and notice, is not complete until the statutory requisites are compl.ed with; and if these are postponed until after the filing of a petition in bankruptcy, on which an adjudication follows, no lien will exist.

[For prior proceedings in this litigation, see Case No. 12,193.]

By HOVEY K. CLARKE, Register:

The register certifies—that on the 16th day of June, 1874, Johnson & Hunt tendered a deposition of Benjamin G. Johnson, one of the firm, as proof of debt due to them against the above named bankrupt's estate, and which they claimed was secured, by virtue of the statutes of the state of Michigan, by a mechanic's lien upon certain described premises belonging to said estate. The act under which the lien is claimed, after specifying the parties who may "have a lien," and the subjects to which and the conditions upon which it shall apply, declares (new compilation, section 6790) "such lien shall not attach, unless the said contractor or some one on his behalf shall make and file with the register of deeds of the county in which the lands shall lie a certificate containing a copy of the contract," etc., directing the particulars which the certificate must show, the manner of verification and recording it, to which is added a proviso "that no lien created by virtue of this act shall be binding upon the owner, part-owner, or lessee, until he shall have been notified of the filing of such lien with the register of deeds."

The proceedings under which the adjudication in bankruptcy in this case was had were commenced on the 20th day of October, 1873, at which time, as I understand the effect of the bankrupt act [of 1867 (14 Stat. 517)], and the ruling of this court, the title of the bankrupt to the premises on which the lien is claimed had passed to the assignee in bankruptcy. The proceedings to "attach" the lien under the statutes of Michigan were not commenced until the 23d day of October.

I am not referred to any fact, nor to any principle of law, which will subject the title acquired by the assignee to the lien claimed by the creditors in this case, and having declined to file the proof as a secured claim, I am requested by the claimants to certify the questions arising into court for determination by the district judge. I send herewith the proof of debt offered by the claimants.

LONGYEAR, District Judge. The foregoing conclusions and action of the register are approved.

[For subsequent proceedings in this litigation, see Case No. 12,195.]

## Case No. 12,195.

### In re SABIN.

[18 N. B. R. 151; 10 Chi. Leg. News, 364; 3 Cin. Law Bul. 625.] 1

District Court, E. D. Michigan. 1878.

BANKRUPTCY — FUND IN HANDS OF ASSIGNEE — JURISDICTION—RESIDENCE—ADVERSE CLAIMS.

1. The district court has jurisdiction of a controversy as to the ownership of a fund in the hands or under the control of the assignee in bankruptcy, without regard to the residence of the parties in interest.

[Cited in Winter v. Swinburne, 8 Fed. 51.]

2. Where it appears that a suit to determine adverse claims as to the ownership of a fund in the hands of the bankrupt court is pending, the court will detain such fund until the rights of the parties thereto have been determined in such suit.

On the petition of James Armstrong and others, for the surrender to them of a dividend check, payable to their order. The petition set forth that petitioners were residents of the state of New York, and trustees of Edward W. Bancroft, for the benefit of his creditors, under an assignment bearing date December 29th, 1873; that on the ninth day of April, 1875, Scott, Lathrop and Hermance, predecessors of the petitioners, as trustees of the estate of the said Bancroft, proved a claim against the estate of the said bankrupt, in the sum of sixty-six thousand nine hundred and ninety-five dollars and ninety-eight cents, and that the same was allowed by the register, and placed upon the list of debts; that on the twenty-first day of May, 1875, a dividend was declared in the sum of five thousand eight hundred and twenty dollars and seventy cents, and a check therefor, payable to the order of said Scott, Lathrop and Hermance, as such trustees, was drawn by the assignee, countersigned by the register, and should have been delivered to them; that the assignee refuses to deliver said check to the petitioners, and improperly and wrongfully withholds the same, notwithstanding the request of petitioners to deliver it to them; that neither Scott, Lathrop, nor Hermance, nor the petitioners, have ever received this check, or the money represented thereby, but have forbidden the American National Bank from paying the same without their indorsement; that they have been subrogated to all the rights of the former trustees by an order made by the register, and are entitled to the said check and money represented thereby, and prayed that the said check may be declared

---

1 [Reprinted from 12 N. B. R. 142. by permission. 1 N. Y. Wkly. Dig. 101, contains only a partial report.]

1 [Reprinted from 18 N. B. R. 151, by permission. 3 Cin. Law Bul. 625, contains only a partial report.]